NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESAR STALIN YANCHALIQUIN,<br><br>    Petitioner,<br><br>    v.<br><br>LUIS SOTO *et al.*,<br><br>    Respondents. | No. 26cv997 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on the submission of a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 by Maria Ramos Villacres as a "next friend" for Petitioner Cesar Stalin Yanchaliquin, an immigration detainee confined in the Delaney Hall Detention Facility in Newark, New Jersey ("Delaney Hall"). D.E. 1 ("Petition" or "Pet.") ¶ 11. Villacres has submitted, on behalf of Petitioner, no application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915(a), nor has she paid the filing fee. Petitioner may cure this deficiency by paying the $5 filing fee pursuant to 28 U.S.C. § 1914(b) or by submitting an IFP application with Petitioner's financial information.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule(s)"), the Court has carefully considered the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, the Court will **ADMINISTRATIVELY TERMINATE** this matter.

I.     BACKGROUND

On February 1, 2026, Villacres submitted the Petition, signed "By next friend: Maria

Ramos Villacres." Petition at 19.

Villacres raises various grounds for relief on Petitioner's behalf: (1) Petitioner's detention violates his Fifth Amendment right to due process; (2) Petitioner's detention violates the Administrative Procedure Act; (3) Petitioner's detention violates the Immigration and Nationality Act; (4) Petitioner's detention violates the First Amendment; (5) Petitioner's detention violates the Rehabilitation Act; and (6) if Petitioner prevails, he requests costs and attorney's fees, if any, under the Equal Access to Justice Act. *Id.* at ¶¶ 2–5. In addition to seeking release, Villacres requests that the Court enjoin Respondents from transferring Petitioner outside this Court's jurisdiction during the pendency of these proceedings. *Id.* at ¶¶ 3–4.

In support of the Petition, Villacres alleges that Petitioner entered the United States in 2022. *Id.* ¶ 10. Petitioner was paroled at the border, applied for asylum, and obtained work authorization. *Id.* ¶¶ 12–13. He was detained by Immigration and Customs Enforcement ("ICE") when he appeared for an ICE interview. *Id.* ¶ 10. Petitioner is being held in Delaney Hall in Newark, New Jersey. *Id.* ¶ 16. Petitioner's English is limited, and he does not have access to meaningful interpretation services or to the phone while at Delaney Hall. *Id.* ¶ 5.

Villacres also submitted a declaration in support of his request to serve as next friend to Petitioner. Petition at 20. In the Petition, Villacres states that she is Petitioner's "lifelong" "loving" partner and that she is the mother of his two children. *Id.* ¶¶ 3, 6.

II.     **JURISDICTION**

Habeas jurisdiction exists under 28 U.S.C. § 2241(c)(3) to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).

2

### III. DISCUSSION

Villacres seeks to file the Petition on Petitioner's behalf. Pursuant to 28 U.S.C. § 2242, a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." *See also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury or by a person authorized to sign it under § 2242). "[N]ext friend' standing . . . has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently 'next friends' appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.*

To qualify for next friend status, the third person must satisfy two requirements. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation modified). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

Villacres has established the first eligibility requirement to serve as next friend by alleging sufficient facts of Petitioner's inaccessibility to appear and prosecute this action himself—namely, that Petitioner does not have access to translation services or to a telephone. Villacres has also established a significant relationship with Petitioner—his "lifelong" "loving" partner and mother of his two children—which establishes that Villacres, in seeking her partner's release from allegedly unlawful detention, is acting on behalf of Petitioner's best interests.

Nevertheless, "the Third Circuit has held that a 'non-attorney cannot represent another

party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). Therefore, the Court will administratively terminate this matter, subject to reopening if Villacres obtains counsel or Petitioner files a *pro se* habeas petition.[1] *See e.g.*, *Bah v. Tsoukaris*, No. 25-16925, 2025 WL 3041812 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for Petitioner to cure defects in next friend application).

IV.    **CONCLUSION**

For the foregoing reasons, the Court will **ADMINISTRATIVELY TERMINATE** this matter ***without prejudice*** and subject to reopening. An appropriate order follows.

Dated: February 3, 2026

                                                                                    Evelyn Padin, U.S.D.J.

---

[1] The United States Department of Justice administers a list of pro bono legal services for individuals in immigration proceedings. *See* U.S. Dep't of Just., Exec. Off. for Immigr. Rev., List of Pro Bono Legal Service Providers, https://www.justice.gov/eoir/file/probonofulllist/download. Petitioner and Villacres may reference the list for assistance in seeking counsel.

4